(No. 92-CC-1122-)

CONSOLIDATED STEEL & SUPPLY CO., Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed December 18, 1992.*

CONSOLIDATED STEEL & SUPPLY CO., *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CYNTHIA WOOD, Assistant Attorney General, of counsel), for Respondent.

ORDER

JANN, J.

Claimant Consolidated Steel & Supply Company filed this claim seeking payment in the amount of

$4,415.70 for steel plates sold to the Respondent's Department of Transportation (IDOT). In its standard lapsed appropriation form complaint, Claimant alleged that it made demand for payment to IDOT but the demand was refused on the grounds that the funds appropriated for such payments had lapsed. The Respondent filed a stipulation agreeing to the Court entering an award in the full amount claimed. The case is now before the Court for approval of the stipulation.

The Court of Claims is not bound by such stipulations and it cannot approve the one at bar for the following reason.

The Respondent's stipulation was based on a report compiled by IDOT which report was offered as *prima facie* evidence of the facts contained therein pursuant to section 790.140 of the Court of Claims Regulations (74 Ill. Adm. Code 790.140.) The report indicates that the reason this claim was not paid previously was not because of the lapsing of the appropriation as claimant alleged but because of a violation of the bidding and contract requirements in the Illinois Purchasing Act. (Ill. Rev. Stat. (1991), ch. 127, par. 132.1 *et seq.*) Several purchases were made which, when strung together, exceeded the no-bid purchase limits. Pursuant to §10 of the State Purchasing Act, the transaction is void. Therefore we are constrained by operation of law to deny the claim.

However, for the purpose of possible consideration of this matter by the General Assembly and in fulfillment of our duties as an advisory body to the General Assembly we will make additional findings.

The IDOT report explains that during the winter and spring of 1991 IDOT had a shortage of steel plates such as those which are the subject of this claim. Workers

on the Stevenson Expressway had to borrow steel plates to cover holes appearing on bridge decks. Lanes of Interstate 290 had to be closed during rush hour because full-depth hot patch would not cool and stabilize and no plates were available to "bridge" the patches overnight. In order to rectify the situation and have plates available for future needs, a series of purchases were made.

The purchases were apparently made in good faith; the violation of the Illinois Purchase Act appears to have been inadvertent. The report adds that those responsible for the purchases have been chastised. The steel plates have presumably been used and are not a commodity that can be returned, *i.e.* the transaction cannot be "undone." The Claimant has suffered a loss. The IDOT report is in agreement with Claimant that the amount of the loss is $4,415.70.

Wherefore, it is hereby ordered that this claim be, and hereby is denied.